Bridgett Lavell **ROBERSON,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–10–00065–CR.**

Court of Appeals of Texas,
Waco.

Dec. 15, 2010.

Richard E. Wetzel, Austin, for Appellant.

Bill R. Turner, Brazos County Dist. Atty., Bryan, for Appellee.

Before Chief Justice GRAY, Justice REYNA, and Justice DAVIS.

**ABATEMENT ORDER**

PER CURIAM.

This order is an effort by this Court, working with the trial court, under the current version of the rules of appellate

procedure to ensure that the appellate record is timely filed. TEX.R.APP. P. 35.3(c). This order is also a departure from previous orders of this Court and is our effort to empower the trial court and parties with a procedure to obtain a timely record by establishing a more formal and certain process for early intervention upon the identification of potentially late filed records.

As stated above, the responsibility for assuring the record is timely filed is now the responsibility of the appellate court and the trial court, jointly. TEX.R.APP. P. 35.3(c). Previously, prior to the current rule, it was the responsibility of the litigants to ensure the timely filing of the record. TEX.R.APP. P. 53(k), amended eff. Sept. 1, 1997. This is not to say, however, litigants are prohibited from participating in the process. We believe the attorneys representing the parties play a valuable role in assisting the Courts by appearing at any hearing ordered and (1) making a record of the reason(s) the record has not been timely filed and (2) making a record of the actual or potential prejudice to the parties when a record is filed late.

### BACKGROUND

The reporter's record in this appeal was originally due on March 30, 2010. Two reporters, Carolyn White, the official court reporter for the 272nd District Court, and Susan Rainwater, were responsible for the preparation of this record. Although White had her portion of the record ready to be printed and assembled, White informed the Court that Susan Rainwater had not completed her portion of the record. White received an extension of time to April 29, 2010 to file the record. On April 23, the Court received a notice from White explaining that, again, Susan Rainwater had not completed her portion of the reporter's record. This time, both report-

ers received an extension to June 1, 2010 to file the record. No reporter's record was filed. On June 2, 2010, the Court received a notice from White that her portion of the record was printed and bound but that she could not prepare a master index without Susan Rainwater's portion of the record. White also informed the Court that Susan Rainwater's mother had passed away. The Court did not receive any notice from Susan Rainwater.

On July 15, 2010, the Clerk of this Court sent a letter to Susan Rainwater asking that she contact the Court within 10 days regarding the late record. That request has been ignored. Furthermore, this is not the first time that this Court has had excessive difficulties in receiving records from Susan Rainwater. Since the July 15 letter was sent to Rainwater, the Court has received a letter from Roberson's counsel regarding the record and a motion for the Court to compel the reporter to file the record.

### ORDER

This appeal is ORDERED abated to the trial court, the 272nd District Court, the Honorable Travis B. Bryan, III, presiding, to hold a hearing as soon as practicable but not later than 28 days after the date of this Order to determine:

(1) why Susan Rainwater's portion of the reporter's record has not been filed;

(2) why there has been no response from Susan Rainwater to the Court's correspondence; and

(3) a date certain by when Susan Rainwater's portion of the reporter's record can reasonably be transcribed into written form and filed in a manner that does not further delay the prosecution of this appeal or have the practical effect of depriving appellant of his right to appeal.

Counsel for the parties are ordered to assist the trial court in making its determinations through subpoena and questioning of Susan Rainwater and any other necessary witnesses. Susan Rainwater shall closely examine her professional and personal schedules and provide those schedules to the trial court in an effort to assist the trial court with a determination of a date certain that her portion of the reporter's record will be filed. The parties' counsel shall also make the trial court aware of any actual or potential prejudices to the parties by the lateness of this reporter's record.

The trial court must order Susan Rainwater to file the record by the date determined. Further, the trial court must inform Susan Rainwater of the consequences of failing to file the record by the date determined and ordered. Those consequences include:

(1) abating the proceeding again to the trial court for a contempt of court hearing;

(2) imposing a lump sum monetary fine;

(3) imposing a daily fine for each day the record is late beyond the date previously determined by the trial court; and

(4) confinement in jail until the record is completed.

The trial court shall require the hearing to be transcribed. To the extent necessary or pertinent to obtaining compliance with the rules regarding preparation of the reporter's record, the trial court must: (1) prepare findings of fact and conclusions of law addressing the above issues; (2) require the preparation of a supplemental clerk's record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in the matter; and (3) require the preparation of a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the trial court's findings and orders must be provided to the trial court clerk within 7 days from the date of the hearing.

The trial court clerk is ORDERED to provide a supplemental clerk's record, containing the written findings and orders of the trial court, to this Court within 14 days from the date of the hearing.

Further, the trial court's official reporter is ORDERED to provide a record of the hearing held to this Court within 14 days from the date of the hearing.